# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LEON I. ALDER,

　　　　　　*Plaintiff-Appellant,*

v.

CHARLES E. JAMES, SR.; MICHAEL
THOMAS; NATHANIEL L. YOUNG, JR.;
CLAUDE S. ALLEN; G. BRYAN
SLATER; CLARENCE H. CARTER;
ROBERT C. METCALF,

　　　　　　*Defendants-Appellees.*

No. 00-1026

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-99-103-1)

Argued: October 30, 2000

Decided: December 13, 2000

Before WILKINSON, Chief Judge, and MICHAEL and
TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Michael Allen Bragg, Abingdon, Virginia, for Appellant.
Peter Robert Messitt, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

## OPINION

PER CURIAM:

Leon Alder appeals the district court's order dismissing his § 1983 suit for lack of subject matter jurisdiction. We affirm.

## I.

The Virginia Department of Social Services ("DSS") terminated Alder in 1996 for sexual harassment and sexual misconduct. Alder filed a grievance challenging his termination. *See* Va. Code Ann. § 2.1-116.05 (Michie 1995) (describing the grievance procedure for state employees).[1] The hearing officer assigned to the case concluded that Alder had engaged in inappropriate conduct, but nonetheless ordered his reinstatement. DSS requested that the Director of the Department of Personnel and Training ("the Director") review the hearing officer's decision. *See* Va. Code Ann. § 2.1-116.07(C) (Michie 1995) (authorizing the Director to "determine whether the [hearing officer's] decision is consistent with policy"). The Director concluded that the decision was inconsistent with the state's policy against sexual harassment and ordered the hearing officer to reconsider the relief granted. The hearing officer reached the same result upon reconsideration of the matter, and the Director again concluded that the decision was inconsistent with the state's policy against sexual harassment. The Director's determination rendered the hearing officer's decision non-binding under Virginia law. *See id.* (providing that a hearing officer's decision is binding only "if consistent with law and policy").

___

[1]In 1999 and 2000 the Virginia legislature amended statutory provisions dealing with sundry aspects of the grievance procedure. However, we deal only with the law in effect at the time the present controversy arose.

Seeking enforcement of the hearing officer's decision, Alder filed suit in Virginia state court. *See* Va. Code Ann. § 2.1-116.07(D) (Michie 1995) (permitting both the employee and the state to petition the circuit court "for an order requiring implementation of the hearing officer's decision"). The state court found in favor of DSS, holding "that the Director . . . had full authority in this case to determine that the Hearing Officer's decision was not consistent with State Policy. Accordingly, the Petitioner is not entitled to implementation of the Hearing Officer's decision." J.A. 55.

Rather than appealing to the appropriate state appellate court, Alder filed this § 1983 action in the United States District Court for the Western District of Virginia. *See* 42 U.S.C.A. § 1983 (West Supp. 1998). Alder requested that the district court order implementation of the hearing officer's decision and contended that Virginia's grievance procedure violated the Due Process Clause of the Fourteenth Amendment. Holding that the *Rooker-Feldman* doctrine applied, the district court dismissed Alder's claim. Alder appeals.

## II.

This appeal turns on one question: Does the *Rooker-Feldman* doctrine prevent Alder from going forward with his § 1983 suit in federal court? Because this question goes to the district court's jurisdiction over the subject matter, our review is plenary. *See Valero Terrestrial Corp. v. Caffrey*, 205 F.3d 130, 133 (4th Cir. 2000).

At base, the *Rooker-Feldman* doctrine bars a party who has lost his case in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). *Rooker-Feldman* applies not only to issues actually decided by state courts, but also to "constitutional claims that are inextricably intertwined with questions ruled upon by the state court." *Id.* (internal quotation marks omitted). "Only habeas corpus petitions or actions sounding in habeas corpus are excepted

from the *Rooker-Feldman* bar." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000).

The *Rooker-Feldman* doctrine is rooted in principles of comity and federalism. *See Alden v. Maine*, 527 U.S. 706, 748 (1999) (observing that the branches of the federal government must treat the states "in a manner consistent with their status as residuary sovereigns and joint participants in the governance of the Nation."); *Younger v. Harris*, 401 U.S. 37, 44 (1971) (describing comity as a principle based on "a proper respect for state functions"). It also rests on statutory interpretation of congressional grants of jurisdiction. Under 28 U.S.C.A. § 1257(a) (West 1993), a decision of a state's highest court "may be reviewed by the Supreme Court by writ of certiorari." Section 1257(a), coupled with the limited original jurisdiction of federal district courts, *see, e.g.*, 28 U.S.C.A. §§ 1331 (West 1993), 1332 (West 1993 & Supp. 2000), mandates the *Rooker-Feldman* bar.

Alder frames his § 1983 action as a due process attack on the state grievance procedure. Virginia law in effect at the time of Alder's termination permitted the Director to set aside the decision of a hearing officer if that decision was not consistent with state policy. Alder therefore argues that the grievance procedure is unconstitutional without some form of judicial review of the Director's actions.[2] To escape the *Rooker-Feldman* bar, Alder contends that the state court simply held that it lacked jurisdiction to enforce the hearing officer's decision because the decision was not final and binding under Virginia law. Hence, a district court order reinstating Alder, so the argument goes, would not affect the state court's finding that it lacked jurisdiction. We disagree with Alder's characterization of the state court proceeding.

Alder argued in state court that the hearing officer's decision was binding. DSS did make a jurisdictional argument but also asked the

---

[2]At appellate argument, Alder made much of the fact that the Virginia legislature recently expanded the authority of the state courts to review determinations of the Director. *See* Va. Code Ann. § 2.1-116.07:1 (Michie Supp. 2000). This choice by the legislature, however, has no bearing on the question of whether Alder's § 1983 suit requires the district court to engage in appellate review of the state court judgment.

court "to declare the rights and status of the parties." J.A. 14. The state court ultimately rejected Alder's position, holding "that the Director . . . had full authority in this case to determine that the Hearing Officer's decision was not consistent with State Policy" and that Alder was "not entitled to implementation of the Hearing Officer's decision." J.A. 55. The state court clearly reached the merits of Alder's claim of reinstatement and the fact that one of the parties argued there was no subject matter jurisdiction cannot erase the plain language of the state court's final order.

Having determined the state court's disposition of Alder's claim, we now must decide whether permitting Alder's § 1983 suit to move forward in federal court would require appellate review of the state court order. We conclude that it would. A party "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim." *Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997). On this point, Alder's complaint filed in the district court is instructive. *See Breckenridge*, 211 F.3d at 199 (observing that when plaintiff's federal complaint "requests the exact same relief that the state trial court refused to grant" *Rooker-Feldman* is likely applicable). In the federal complaint, Alder again asserts that the Director had no authority to set aside the hearing officer's order and Alder requests reinstatement to his former position. Though the federal complaint does attack the grievance procedure itself as "a mere farce and pretext" that did not afford due process, J.A. 65, this is but an expansion of paragraph thirteen of Alder's state court complaint in which he asserts that under the Constitution his "vested property right in his public employment . . . may not be terminated except by due process." J.A. 8.

Of course, the state court order does not specifically mention the due process claim. However, under *Rooker-Feldman* "even if a claim is not . . . ruled upon [by a state court], a plaintiff is not entitled to bring that claim in federal court." *Guess v. Board of Med. Examrs.*, 967 F.2d 998, 1003 (4th Cir. 1992). Likewise, even if we did not construe the complaint filed in state court as raising the due process question, Alder still would not be entitled to bring the due process claim in federal court. *See id.* at 1002 ("Merely because a state court is not presented with a federal claim does not mean that a federal court can adjudicate that claim. . . ."). This court has made clear that if constitutional claims were not raised or addressed in state court, the *Rooker-*

*Feldman* doctrine "will preclude jurisdiction if the constitutional claims are inextricably intertwined with the merits of the state court judgment." *Id.* at 1003; *see also Suarez Corp. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997) ("The *Rooker-Feldman* doctrine . . . makes it clear that federal courts do not possess jurisdiction to hear constitutional claims adjudicated by state courts or claims that are inextricably intertwined with the merits of a state court judgment.").

A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J. concurring). The question of whether the Virginia grievance procedure violates the Due Process Clause of Fourteenth Amendment is so interrelated to the issues surrounding the authority of the Director to set aside a hearing officer's decision that it would be improper to approach the matter piecemeal. Moreover, a ruling in favor of Alder on his § 1983 claim would require the district court to void the judgment of the state court affirming the Director's authority and denying Alder reinstatement.

Alder made the decision to bring his case in state court and it was in state court where a final order issued. Unhappy with the state court's ruling, Alder should have appealed to the appropriate Virginia appellate court. Instead, he recast his claim as a civil rights violation and filed in the federal district court what was, in effect, his appeal of the state court ruling. This the *Rooker-Feldman* doctrine forbids. Once he received a final judgment in state court, Alder's only path to the federal system was a petition for certiorari to the United States Supreme Court after Virginia's highest appellate court denied him relief. *See* 28 U.S.C.A. § 1257(a). To hold otherwise would run afoul of the principles of federalism and comity that underlie the *Rooker-Feldman* doctrine. *See Breckenridge*, 211 F.3d at 198 ("The independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the same issues.").

### III.

For the foregoing reasons, we affirm the district court's dismissal of Alder's § 1983 claim.

*AFFIRMED*